403 A.2d 1084.

PLANTATIONS LEGAL DEFENSE SERVICES, INC. *vs.*
CORRINE GRANDE *et al.*

JULY 17, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

PER CURIAM. This is an appeal in a civil action brought by the plaintiff following the refusal of a Superior Court justice to issue a writ of mandamus. The record indicates that the plaintiff initiated, through its attorney, an action in Small Claims Court to recover $80 for legal services rendered. On the two occasions when the case was called for a hearing, however, the plaintiff was represented by a corporate officer who was not licensed to practice law in this state. Prior to each hearing the officer present requested a default judgment in the plaintiff's favor. Nevertheless, the clerk of the court refused to mark the case ready for a hearing, and the court refused to order a default judgment. The plaintiff then sought a writ of mandamus in the Superior Court to command issuance of a default judgment.

The issue on appeal is whether the trial justice erred when he denied plaintiff's request for mandamus and held that the corporation was not entitled to be represented in Small Claims Court by a non-attorney corporate officer. It is well settled in this jurisdiction that a writ of mandamus will issue only where the plaintiffs have a clear legal right to have the act done that is sought by the writ, where the defendants have a ministerial, legal duty to perform such act without discretion to refuse and where the plaintiffs have no plain or adequate remedy at law. *Daluz* v. *Hawksley*, 116 R.I. 49, 52, 351 A.2d 820, 822 (1976); *Demers* v. *Adamson*, 102 R.I. 453, 456, 231 A.2d 484, 485 (1967); *Aniello* v. *Marcello*, 91 R.I. 198, 202-03, 162 A.2d 270, 272 (1960). Thus, plaintiff was required to fulfill these conditions precedent before the writ of mandamus could be issued.

In the instant case we are of the opinion that the plaintiff has failed to show that it has a clear legal right to the relief sought in light of the well-established principle that a corporation may be represented only by licensed counsel. *In re Las Colinas Development Corp.*, 585 F.2d 7, 13 (1st Cir. 1978); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976), and cases cited therein. Because the plaintiff has failed to demonstrate on appeal why it should not be required to comply with this rule, we find no error in the trial justice's denial of the writ of mandamus.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*Aram K. Berberian,* for plaintiff.

*Forrest Avila,* for respondent