**IBM CREDIT CORPORATION**

v.

**EXETER ENTERPRISES, INC.**

**No. 97–215–Appeal.**

Supreme Court of Rhode Island.

April 17, 1998.

Sean R. Levin.

Kelly M. Francassa.

## ORDER

This case came before the Supreme Court on April 8, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Exeter Enterprises, inc. (Exeter), appealed from a summary judgment entered in favor of the plaintiff, IBM Credit Corporation (ICC). Acknowledging that it had no defense on the merits, Exeter had argued that ICC's initial complaint was a nullity because it was not signed by a licensed attorney. After hearing the arguments of counsel for the parties and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

In 1989 Exeter arranged to lease certain computer equipment and software supplied by International Business Machines Corporation (IBM). Exeter entered into an agreement with ICC to finance the lease but stopped making the required payments in 1992. On May 10, 1994, ICC filed a complaint against Exeter in which ICC sought replevin of the equipment as well as damages for Exeter's default. The complaint was signed by an IBM employee as agent for ICC. The accompanying petition for a writ of replevin, however, was signed by ICC's counsel as was the civil case cover sheet. Thereafter, Exeter filed an answer in which it raised the affirmative defense that ICC's complaint was not signed by a licensed attorney.

On June 12, 1996, ICC filed a motion for summary judgment. Exeter then filed a mo-

tion to dismiss ICC's complaint pursuant to Rules 11 and 41 of the Superior Court Rules of civil Procedure. Both parties' motions were heard by a justice of the Superior Court in September 1996, at which time the hearing justice denied Exeter's motion to dismiss and granted ICC's motion for summary judgment. Exeter appealed following the entry of final judgment for ICC.

Exeter argued on appeal that the hearing justice abused his discretion in denying Exeter's motion to dismiss. In so arguing, Exeter contended that the signature of IBM's employee on the complaint amounted to the unauthorized practice of law. Although this Court has long recognized the principle that a corporation may not represent itself without a licensed attorney, *Plantations Legal Defense Services v. Grande,* 121 R.I. 875, 403 A.2d 1084 (1979), neither ICC nor its affiliate IBM was representing ICC or otherwise practicing law in this case. The pleadings were drafted by ICC's counsel—who was at all relevant times admitted to practice law in Rhode Island—and, with the singular exception of the complaint, they were all signed by counsel as well. Exeter did not present the trial justice with evidence of any wrongdoing on the part of either ICC or its counsel. In fact, there was no evidence in the record that the failure to have the complaint signed by a licensed attorney was due to anything other than sheet, incomprehensible inadvertence, and to this day the complaint has not yet been signed by ICC's counsel. Nevertheless, we conclude that the hearing justice did not abuse his discretion in denying Exeter's motion to dismiss on this ground.

Exeter next argued that the absence of an attorney's signature on the complaint violated Rule 11 of the Superior Court of Rules of Civil Procedure. The applicable version of Rule 11 in effect at the time the case was filed stated in pertinent part that:

> "Every pleading of a party represented by an attorney shall be signed by at least one (1) attorney of record. * * * If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action *may* proceed as though the pleading had not been served." (Emphasis added.)

Under this version of Rule 11, the hearing justice clearly could have dismissed the case due to this absence of the signature. But it was also clearly within the justice's discretion to deny Exeter's motion to dismiss. We cannot conclude that the trial justice abused his discretion in denying Exeter's motion to dismiss, and we affirm the summary judgment entered in favor of ICC.

We hasten to point out, however, that a trial justice might not be afforded this same discretion under the current version of Rule 11, which became effective in September 1995, and provides in pertinent part that "If a pleading, motion, or other paper is not signed, it *shall* be stricken *unless* it is signed promptly after the omission is called to the attention of the pleader or movant * * *." (Emphasis added.)

Accordingly, we deny and dismiss this appeal on condition that the attorney of record for ICC sign the complaint, substantially in conformance with exhibit 5 of ICC's supplemental statement to this Court, within five days of the date of this order. The papers in this case may be returned to the Superior Court.