## MOBILE HOMEOWNERS RIGHTS, INC.

v.

## MOBILE VILLAGE, INC., et al.

No. 98–423–Appeal.

Supreme Court of Rhode Island.

June 18, 1999.

Francis J. Varin.

Peter Olsen, Wickford.

### ORDER

The plaintiff, Mobile Homeowners Rights, Inc., appeals pro se from an order disqualifying one Richard Garganta (Garganta) from representing the plaintiff. After review by a justice of this Court, the case was assigned to the full court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After examining the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

The plaintiff filed the instant action alleging that defendants Mobile Village, Inc., Jim Kulsic, and Laura Kulsic, violated fire safety and other health safety laws in failing to properly maintain their mobile home park located on Victory Highway in Exeter, Rhode Island. The plaintiff is an incorporated association of mobile home residents of the mobile home park. Shortly after filing of the complaint, defendants filed a motion to dismiss. The trial judge did not rule on the motion to dismiss, but instead sought to mediate the dispute.

Subsequently, plaintiff filed a motion to strike defendants' motion to dismiss. In response, defendants filed a motion to disqualify Garganta from representing plaintiff, alleging that Garganta had been recently evicted from the trailer park and therefore could no longer represent the interests of the park members. The trial judge granted defendant's motion to disqualify Garganta from representing plaintiff.

On appeal, plaintiff argues that Garganta currently resides in an unused room of a member of the park, is still a member of the association, and therefore should be allowed to represent the mobile home association.

Initially, we note that plaintiff has appealed an interlocutory order. "It is well settled that this court will only entertain a direct appeal from a final order." *Anjoorian v. Kilberg*, 711 A.2d 638, 638 (R.I. 1998) (mem.). This case does not fall within any of the statutory exceptions which would allow review of an interlocutory order. *See* G.L.1956 § 9–24–7. Also, refusal by this court to review the order disqualifying Garganta from representing plaintiff would not result in irreparable harm to plaintiff.

Nevertheless, we proceed to address the substantive issue of Garganta's disqualification in order to aid any further proceedings below. This Court has said that it is a "well established principle that a corporation may be represented only by licensed counsel." *Plantations Legal Defense Services, Inc. v. Grande*, 121 R.I. 875, 876, 403 A.2d 1084, 1085 (1979) (per curiam); *see also IBM Credit Corp. v. Exeter Enterprises, Inc.*, 714 A.2d 618, 619 (R.I.1998) (mem.). This principle holds true even in the case of non-profit corporations without funds. *See Taylor v. Knapp*, 871 F.2d 803, 806–07 (9th Cir.1989).

Consequently, we conclude that the trial judge did not err in disqualifying Garganta from representing plaintiff, inasmuch as a corporation may not appear pro se. The plaintiff's appeal therefore is denied and dismissed, and the papers are remanded to the Superior Court.