# United States Court of Appeals
## For the First Circuit

No. 02-1885

THE FARM CREDIT BANK OF BALTIMORE,

Plaintiff, Appellee,

v.

ANGEL FERRERA-GOITIA ET AL.,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Lynch, Circuit Judge.

Carlos A. Piovanetti Rivera on brief for appellants.
Igor I. Dominguez Perez, Johnny Rivera, and Igor I. Dominguez
Law Offices on brief for appellee.

January 17, 2003

**SELYA**, <u>Circuit Judge</u>.  The Farm Credit Bank of Baltimore (the Bank) sued Angel Ferrera-Goitia, his wife Annie Bosch-Velez, and their conjugal partnership (collectively, the appellants) to foreclose a mortgage and satisfy an ancillary debt.  Nearly six and one-half years after the district court entered a default judgment against them and two and one-half years after the court confirmed the foreclosure sale, the appellants appeared for the first time and sought relief under Fed. R. Civ. P. 60(b)(4).  The district court denied the appellants' motion as untimely and unjustified. We affirm the district court's order.

The Bank commenced the underlying action on April 12, 1994, alleging that the appellants had failed to make timely mortgage payments.  The Bank filed an amended complaint as of right on July 12, 1994.  <u>See</u> Fed. R. Civ. P. 15(a).  The appellants did not respond, but, rather, sought the protection of the bankruptcy court.  Their first bankruptcy petition, filed on July 26, 1994, resulted in an automatic stay of the district court proceeding. <u>See</u> 11 U.S.C. § 362.  The Bank moved for relief from the stay.  The appellants neither opposed the motion nor attended the hearing thereon.  The bankruptcy court, ruling <u>ore</u> <u>sponte</u>, lifted the stay on January 12, 1995.  Approximately three weeks later, the court dismissed the bankruptcy petition as filed in bad faith and barred the appellants from refiling for a period of one year.  <u>In re</u>

Ferrera-Goitia & Bosch-Velez, No. 94-03895 (Bankr. D.P.R. Feb. 7, 1995) (unpublished order).

The scene shifted back to the district court. On August 9, 1995, that court, at the Bank's instance, issued summonses to the appellants. Despite the effectuation of service of process, the appellants still did not respond to the amended complaint.

On December 19, 1995 — long after the answer to the amended complaint was due — the district court entered a default judgment against the appellants. See Fed. R. Civ. P. 55(b)(2). Approximately two months later, the court granted the Bank's motion for execution of judgment. A writ of execution issued on March 8, 1996, authorizing a sale of the mortgaged premises at public auction. A special master appointed by the district court scheduled an auction sale for April 20, 1996.

On March 29, 1996, the appellants filed a second bankruptcy petition, thus halting the planned auction. The bankruptcy case lingered for roughly twenty-one months (i.e., until December 24, 1997) before the appellants voluntarily dismissed it. See Fed. R. Bankr. P. 1017. At that point, the Bank successfully petitioned the district court for leave to resume the proceedings. The court obliged, and a new auction was set for March 18, 1998. On that date, the appellants filed a third bankruptcy petition, once again halting the scheduled sale. Three months later, the appellants voluntarily dismissed that petition.

The Bank remained resolute. It repaired to the district court and arranged to reschedule the public auction for October 13, 1999. The auction was twice postponed (the reasons are extraneous) and eventually went forward on October 27, 1999. The Bank thereafter presented evidence that it had satisfied the requisite formalities (including the publication requirements of P.R. R. Civ. P. 51.8 and the requirement for sending notice to the appellants and the junior lienholder) and, on November 15, 1999, the district court confirmed the sale.

Nothing of moment occurred for two and one-half years.[1] At that juncture, the appellants filed a motion under Fed. R. Civ. P. 60(b)(4) to set aside the order confirming the sale. The district court promptly denied the motion as "untimely and unjustified." This appeal ensued.

District courts enjoy considerable discretion in resolving motions brought under Rule 60(b) of the Federal Rules of Civil Procedure. We typically review decisions of that sort only for abuse of discretion.[2]  Cotto v. United States, 993 F.2d 274,

_____

[1]On January 27, 2000, the successor in interest to the junior lienholder brought a collection action against the appellants in the federal district court. On July 12 of that year, the appellants served a third-party complaint against the Bank alleging that the sale of the mortgaged property was null and void. This third-party complaint ultimately was dismissed for lack of subject matter jurisdiction. The details of that disposition are immaterial for present purposes.

[2]There is some basis in the case law for employing a less deferential standard of review as to decisions made under Rule

-4-

277 (1st Cir. 1993); <u>Teamsters, Chauffeurs, Warehousemen & Helpers Union</u> v. <u>Superline Transp. Co.</u>, 953 F.2d 17, 19 (1st Cir. 1992). We will find an abuse of discretion when we are convinced that the district court has made an error of law or has reached a plainly erroneous decision.

As a general matter, Rule 60(b), the text of which is reprinted in the margin,[3] seeks to balance the importance of

---

60(b)(4). <u>See</u>, <u>e.g.</u>, <u>Sea-Land Serv., Inc.</u> v. <u>Ceramica Europa II, Inc.</u>, 160 F.3d 849, 852 (1st Cir. 1998) (applying de novo standard of review although not expressly adopting it). <u>But</u> <u>see</u> <u>United States</u> v. <u>Boch Oldsmobile, Inc.</u>, 909 F.2d 657, 660 (1st Cir. 1990) (applying abuse of discretion standard in the Rule 60(b)(4) context); <u>Limerick</u> v. <u>Greenwald</u>, 749 F.2d 97, 99 (1st Cir. 1984) (same). The answer ultimately may depend on the nature of the question presented. Here, however, the appellants argue in terms of abuse of discretion and thereby forfeit any entitlement to a less deferential standard of review. <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990). We add, moreover, that we would reach the same result in this case regardless of which standard governed.

[3]The rule states:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

finality against the desirability of resolving disputes on the merits. Teamsters, 953 F.2d at 19. The rule encompasses six bases for potential relief. Motions made under clauses (1)-(3) must be made within one year following the entry of the challenged order or judgment. Motions made under clauses (4)-(6), however, are not so strictly cabined; such motions need only be made within a reasonable time. What is "reasonable" depends upon the circumstances of the particular case. Cotto, 993 F.2d at 280; cf. Sierra Club v. Sec'y of Army, 820 F.2d 513, 517 (1st Cir. 1987) (paraphrasing Emerson and ruminating that "reasonableness is a mutable cloud, which is always and never the same"). The circumstances to be considered include the length of the delay, the justification for it, and the prejudice (if any) associated with the granting of relief. See United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990); In re Pac. Far East Lines, Inc., 889 F.2d 242, 249 (9th Cir. 1989).

In this case, the length of the delay is extreme. Cf. Cotto, 993 F.2d at 280 (indicating that a motion filed sixteen months after the entry of judgment was not filed within a

---

prospective application; or
(6) any other reason justifying relief from the operation of judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

reasonable time). The district court entered a default judgment against the appellants on December 19, 1995, and confirmed the sale of the mortgaged premises on November 15, 1999 — but the appellants did not file their Rule 60(b)(4) motion until May 24, 2002. By any measure, that motion was untimely. Moreover, the delay did not stem from ignorance of what had transpired. After all, the appellants brought a third-party complaint against the Bank on July 12, 2000, in which they recited the pertinent facts and asserted that the auction sale was null and void. See supra note 1.

Indeed, the appellants attempt to use that third-party complaint to circumvent Rule 60(b)(4)'s temporal requirement. As a general rule, however, actions taken in a wholly separate proceeding cannot effectively substitute for the actions required by the express terms of Rule 60(b). Cf. Torre v. Cont'l Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994) ("The fact that settlement negotiations are in progress does not excuse a litigant from making required court filings."). And in all events, the appellants served the third-party complaint some fifty-seven months after the entry of the default judgment and some eight months after the entry of the order confirming the sale of the mortgaged premises. Even if that pleading was entitled to credit in this proceeding — and we emphasize that it is not — it can hardly be viewed as having been filed within a reasonable time.

If more were needed — and we do not think that it is — we note that the appellants offer no plausible justification for their dilatoriness. The record establishes beyond hope of contradiction that the appellants were personally served with process and — as their machinations in the bankruptcy court eloquently attest — they were aware of the Bank's suit from the outset. The inference is inescapable that their decision not to defend was fully calculated. Litigants who embark on a course of conduct designed to evade legal responsibility are poorly positioned to ask for discretionary relief when their tactics backfire.

We note, too, that the Bank would be severely prejudiced if we were to reopen the case. The Bank has spent over eight years litigating what should have been a routine mortgage foreclosure action. It has chased the appellants from court to court — and back again. It obviously has expended considerable time and resources, due in large part to the appellants' maneuverings. To grant relief to the appellants now would be tantamount to penalizing the Bank for its diligence and, in the bargain, would threaten the rights of an innocent third party.[4] These considerations argue persuasively for denial of the appellants' Rule 60(b)(4) motion.

---

[4]Although the Bank purchased the mortgaged premises at the foreclosure sale, it then resold the property to an unrelated person.

The appellants make a last-ditch attempt to seize the day. They asseverate that the district court failed properly to acquire personal jurisdiction over them, and, accordingly, the judgment is utterly void and no time limit can be applied to pretermit their challenge.

This argument has a patina of plausibility. Since a void judgment is a legal nullity, there is ordinarily no need to request relief from it (and, thus, no time limit within which to request relief). See United States v. Berenguer, 821 F.2d 19, 22 (1st Cir. 1987). A judgment is not void, however, simply because it may be technically defective or incorrect in some respect. Boch Oldsmobile, 909 F.2d at 661; Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972). There are only two sets of circumstances in which a judgment is void (as opposed to voidable). The first is when the rendering court lacked either subject matter jurisdiction or jurisdiction over the defendant's person. Boch Oldsmobile, 909 F.2d at 661. The second is when the rendering court's actions so far exceeded a proper exercise of judicial power that a violation of the Due Process Clause results. Id.

Subject matter jurisdiction is not in issue here; the record unambiguously reflects both diversity of citizenship and the existence of the requisite amount in controversy. See 28 U.S.C. § 1332(a). We turn, therefore, to the remaining possibilities.

Personal jurisdiction usually is obtained over a defendant by service of process. Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1559 (1st Cir. 1989) (explaining that "[i]n the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"). A defendant may, however, waive service — and waiver can form a valid basis for personal jurisdiction. See, e.g., Gen. Contr. & Trading Co. v. Interpole, Inc., 940 F.2d 20, 22 (1st Cir. 1991). Such a waiver may be either express or implied. See Neirbo Co. v. Bethlehem Shipbldg. Corp., 308 U.S. 165, 168 (1939); Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 996 (1st Cir. 1983). The Civil Rules incorporate the principle of implied waiver. They provide that a defense based on personal jurisdiction will be deemed waived if not made by a party's first-filed motion or included in her initial responsive pleading. See Fed. R. Civ. P. 12(h)(1).

Here, the appellants insist that personal jurisdiction is wanting because the summonses of record are deficient in that they do not indicate the time or place of service,[5] and, moreover, that a copy of the complaint was not delivered along with them. But the appellants failed to make an argument based on lack of personal jurisdiction in the district court proceeding. The first and only pleading that they filed in the district court was their Rule

_____

[5]The appellants also allege that the summonses do not state the date of service. The record belies this allegation.

-10-

60(b)(4) motion. In it, the appellants contested the validity of the district court's confirmation order based upon the Bank's alleged failures (1) properly to give notice of the public sale, and (2) properly to name the junior lienholder as a party. The appellants did not suggest an absence of jurisdiction over their persons, nor did they raise that issue at any subsequent time in the district court.

This omission bars the appellants from asserting, in this venue, a supposed lack of personal jurisdiction. See Teamsters, 935 F.2d at 21 ("If any principle is settled in this circuit, it is that absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal."); Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. 1987) (collecting cases).[6] Thus, we need not determine whether the relatively minor departures from the requirements of D.P.R. L.R. 4 alleged by the appellants were sufficient to deprive the district court of in personam jurisdiction.

The appellants also suggest that the district court's actions patently exceeded its power. To support this extravagant suggestion, the appellants charge that the foreclosure proceedings were fraught with material defects. The defects that they cite —

---

[6]While extraordinary circumstances occasionally may justify an exception to the raise-or-waive rule, see, e.g., United States v. LaGuardia, 902 F.2d 1010, 1012-13 (1st Cir. 1990), there are none here. The appellants plainly had actual notice of the case against them from the very outset.

if defects at all — are technical in nature and do not evince any usurpation of power.[7]  In short, the appellant received all the process that was due.

We need go no further.  "In our adversary system of justice, each litigant remains under an abiding duty to take the legal steps that are necessary to protect his or her own interests."  Cotto, 993 F.2d at 278.  The appellants breached this duty.  They were thus the authors of their own misfortune, and the district court did not err in refusing to extricate them from their self-contrived predicament.

**The order of the district court denying relief under Rule 60(b)(4) is affirmed**.  **Costs are taxed in favor of the appellee**.

---

[7]To illustrate, these "material defects" include the Bank's failure to name the junior lienholder as a party to its suit and its ostensible failure to give notice of the auction in strict accordance with Puerto Rico law.