**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1559

UNITED STATES,

Plaintiff, Appellee,

v.

ONE URBAN LOT #14,126 LOCATED AT 3-76 PASEO LAS VISTAS,
CAYEY, ET AL.,

Defendants,

LIBBY MEDINA,

Claimant,

JOSE ENRIQUE GONZALEZ-FLORIDO,

Claimant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Daniel R. Domínguez, U.S. District Judge]

Before
Lynch, Lipez and Howard,
Circuit Judges.

Jose Enrique Gonzalez-Florido on brief pro se.
Miguel A. Fernandez, Assistant U.S. Attorney, Jose Javier
Santos-Mimoso, and H.S. Garcia, United States Attorney, on brief
for appellee.

October 14, 2005

**Per Curiam**. Jose Enrique Gonzalez-Florido seeks review of the district court's denial of his motion for relief under Fed. R. Civ. P. 60(b)(4). The government first asserts that the appeal should be dismissed as untimely. Appellant concedes that the notice of appeal was received and filed by the district court two days after the time to appeal expired, but he contends that the filing was timely under the prison mailbox rule, Fed. R. App. P. 4(c)(1). The government argues that appellant is not entitled to the benefit of the prison mailbox rule because he failed to demonstrate in the manner specified in Rule 4(c)(1) that he deposited the notice in the prison mail system before the filing deadline. However, the postmark on the envelope in which the notice of appeal was mailed predates that deadline. For purposes of this appeal, we will assume, without deciding, that this is sufficient to establish timely filing. See Sulik v. Taney County, 316 F.3d 813, 814 (8th Cir. 2003).

On the merits, however, we affirm the district court's denial of Rule 60(b)(4) relief essentially for the reasons stated in its January 20, 2004 order. Even if, as appellant argues, the judgment was erroneous, it was not void within the meaning of Rule 60(b)(4). See Lubben v. Selective Service System, Local Board No. 27, 453 F.2d 645, 649 (1st Cir. 1972). "Only in the rare instance of a clear usurpation of power," id., such as where the court lacks subject-matter jurisdiction, will a judgment be

deemed void.  See Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 67 (1st Cir. 2003); United States v. One Rural Lot No. 10,356, 238 F.3d 76 (1st Cir. 2001).  Appellant has failed to make such a showing.

Affirmed.  See 1st Cir. Loc. R. 27(c).