NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3280
_____

JOHN E. REARDON,
                                        Appellant

v.

MR. LEASON; MR. PFIEFFER; MR. SIMON; MR. DOUGHERTY;
MR. MULLER;  MR. DIANO; MR. ROMANO; MR. MONDELLI;
MR. B. DAWSON; MR. J. FARMER; MR. K. WALSHE; MR. M. KEATING;
MR. W. SIMON; MR. A. ROSSETTI; MISS C. CAPLAN; MR. P. PORRECCA;
MR. D. BIGLEY; MR. S. NATAL; MR. I. STEINBERG; MR. J. GREENE;
JOHN DOE/JANE, criminal and civil docket clerks of the Camden County
Superior Court; JOHN DOE, Internal Affairs Officer for the Sheriff's Office
at the Camden County Jail; OUR LADY OF LOURDES HOSPITAL; the
admissions staff, the emergency room staff, and the psychiatric crisis
center staff; CAMDEN COUNTY GUIDANCE CENTER, and the psychiatrist
who attempted to evaluate the plaintiff on 6/21/90; OAKRIDGE TERRACE APTS.
owners and the "John Doe" manager of said apartments and others
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 92-cv-02433)
District Judge:  Honorable Mary L. Cooper
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6(a)
October 28, 2010
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: November 10, 2010 )

_____

OPINION OF THE COURT
_____

PER CURIAM.

John E. Reardon appeals the order of the District Court denying his motion

pursuant to Federal Rule of Civil Procedure 60(b)(4).  We will summarily affirm.  See

I.O.P. 10.6.

In 1990, Reardon was arrested, tried and convicted in New Jersey state court after

police found bomb construction materials at his residence.  In 1992, Reardon filed in the

District Court a complaint pursuant to 42 U.S.C. § 1983 against various prosecutors,

judges, police officers and others alleging a conspiracy to deprive him of various

constitutional and statutory rights.  In 1994, the District Court dismissed the action for

failure to prosecute.[1]

In June 2010, Reardon filed in the District Court a Rule 60(b)(4) motion requesting

that the Court issue an order declaring that the state court lacked jurisdiction over his

earlier criminal conviction.  He also sought permission to reinstate the § 1983 action that

the District Court previously dismissed for failure to prosecute.  Reardon argued that as a

result of the inappropriate and/or fraudulent actions of many of the defendants named in

---

[1]Reardon appealed the District Court's determination to this Court, but the appeal was untimely filed and we dismissed it for lack of jurisdiction.  Reardon v. Leason, No. 95-5219 (order entered on June 9, 1995).

2

his earlier § 1983 action, the State of New Jersey was mislead into prosecuting him and securing a conviction and his judgment was therefore void.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. An order denying a Rule 60(b)(4) motion is subject to plenary review. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 and n.5 (3d Cir. 2008) (citing Page v. Schweiker, 786 F. 2d 150, 152 (3d Cir. 1986)). Fed. R. Civ. P. 60(b)(4) provides for relief when a judgment is void. A judgment may be void if the court that rendered it lacked jurisdiction over the subject matter or the parties, or entered a decree which was not within the powers granted to it by law. See Marshall v. Board of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978).

Reardon argues that the District Court erred in determining that his Rule 60(b)(4) motion was not filed within a reasonable time. Indeed, this Court has stated that "no passage of time can render a void judgment valid, and a court may always take cognizance of a judgment's void status" whenever a Rule 60(b)(4) motion is brought. United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) (en banc). Nevertheless, we conclude that Reardon has not demonstrated that he is entitled to relief under Rule 60(b)(4).[2]

---

[2] We may affirm a result reached by the District Court for any reason as long as the record supports the judgment. See Guthrie v. Lady JanColleries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).

Reardon essentially sought an order from the District Court directing the state court to void his conviction because the state court allegedly lacked jurisdiction over his case. However, as noted above, Rule 60(b)(4) provides for relief from judgment only when the court that rendered the judgment lacked jurisdiction over the subject matter or the parties. Marshall, 575 F.2d at 422. The District Court did not enter judgment in Reardon's criminal case.[3] To the extent that Reardon also sought leave from the District Court to reinstate his previously dismissed § 1983 complaint, such relief is not contemplated under Fed. R. Civ. P. 60(b)(4).

As Reardon's appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Reardon's motion to supplement the record is denied.

---

[3] Moreover, because Reardon is effectively asking the District Court to void a state court conviction, he is barred from doing so under the Rooker-Feldman doctrine. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d159, 166 (3d Cir. 2010).