ALD-148                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1083
_____

JOHN E. REARDON,
                                Appellant,

v.

VIRGINIA E. REARDON; VINCENT D. SEGAL;
SEGAL & TROPP; ROBERT W. PAGE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 84-cv-03696)
District Judge: Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2011

Before:  SCIRICA, HARDIMAN, and VANASKIE, Circuit Judges

(Opinion filed April 6, 2011)
_____

OPINION
_____

PER CURIAM

        Appellant John Reardon filed a civil rights action for damages, see 42 U.S.C. § 83,

in September, 1984 against his ex-wife, her matrimonial lawyer, and a New Jersey state

court judge who was presiding over Reardon's divorce proceedings. The case was transferred to the United States District Court for the District of New Jersey. The District Court dismissed the complaint against the state court judge, the late Robert W. Page, in March, 1985 on the basis that judges are absolutely immunized from a suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Reardon sought reconsideration of this order in the district court and he sought to amend his complaint, all to no avail. Judgment was entered against Reardon in March, 1986.

At issue now, on August 18, 2010, Reardon filed a Rule 60(b)(4) motion to reopen the judgment and a motion to amend his complaint. He sought reopening of his federal civil rights case in order to address the issue of judicial bias as it related to the state trial judge and his exercise of jurisdiction over Reardon's divorce proceedings. Reardon contended that he only recently discovered that the state trial judge acted without jurisdiction in his divorce case. Specifically, Mrs. Reardon was the judge's clerk and thus the judge was not impartial. Reardon contended that the state judge issued custody and child support orders in the absence of jurisdiction because, by law, he should have recused himself. Because the state judge acted in the absence of jurisdiction, the doctrine of absolute immunity did not apply. Although his children are now adults, Reardon sought in his proposed amended complaint to relitigate the issues giving rise to the child support order, and the order granting physical custody of the children to his ex-wife, and he sought money damages. The Office of the Attorney General for the State of New

2

Jersey answered the motion, and argued that it had not been filed within a reasonable time as required by Rule 60(b).

In an order entered on December 13, 2010, the District Court denied the Rule 60(b) motion as untimely filed. The court ruled that 24 years is not a reasonable time under Rule 60(c)(1). The court noted that Reardon consented to the federal court's jurisdiction and was properly served with the defendants' pleadings, and thus Rule 60(c)(1) applied to him even though he alleged that the judgment was void, cf. United States v. One Toshiba Color Television, 213 F.3d 147, 155-56 (3d Cir. 2000) (where incarcerated claimant received constitutionally inadequate notice of judicial forfeiture proceedings, judgment was void, and government could not assert doctrine of laches as defense to claimant's motion for relief from judgment). The District Court denied Reardon's motion to amend the complaint as moot.

Reardon appeals. Our Clerk advised him that the appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. We have carefully considered that submission.

We have jurisdiction under 28 U.S.C. § 1291. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. An order denying a Rule 60(b)(4) motion is subject to plenary review. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 and n.5 (3d Cir. 2008). Rule 60(b)(4) permits the reopening of a judgment "if the judgment is void." Fed. R. Civ. Pro. 60(b)(4). The federal court judgment rendered in Reardon's case in September, 1986 is not void. The District Court was not without jurisdiction to

3

enter judgment in Reardon's federal civil rights case because Reardon initiated the suit, because federal courts have subject matter jurisdiction over section 1983 actions, and because the court did not exceed its power. See Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 67-68 (1st Cir. 2003) (judgment is void, as opposed to voidable, when the rendering court lacked either subject matter jurisdiction or jurisdiction over the defendant's person, and when rendering court's actions exceeded the proper exercise of judicial power so as to violate the Due Process Clause). Reardon alleges that the District Court erred in applying the doctrine of absolute immunity to his case, see Supplement to Motion, at 2-3, but this is an allegation of legal error only; it is not an allegation that the federal court lacked jurisdiction over his section 1983 action such that the judgment rendered is void.[1]

We point this out because the reasonable time requirement does not apply to a motion to reopen a void judgment. One Toshiba Color Television, 213 F.3d at 157. In One Toshiba Color Television, the default judgment actually was void because it was entered without proper service of the complaint. See id. at 156. Here, the federal court judgment plainly was not void, and we doubt, as did the District Court, that Reardon may circumvent the reasonable time requirement of Rule 60(b) by raising a frivolous legal argument that the judgment is void. See Farm Credit Bank of Baltimore, 316 F.3d at 68-69 (defects in mortgage foreclosure proceeding were technical in nature and did not

_____

[1] If it was Reardon's intent to use Rule 60(b) to attack the state court judgment, we have previously held that he may not use Rule 60(b) to reopen a state court judgment. See Reardon v. Leason, 2010 WL 4488241 (3d Cir. 2010).

4

evince a usurpation of power such as might render the district court's judgment confirming sale void and subject to attack at any time).

In any event, as a motion brought under subparagraph (4) of Rule 60(b), timely or not, Reardon's request to reopen the judgment because it is void plainly lacks merit and properly was denied.[2]  To the extent Reardon was alleging newly discovered evidence, see id. at subparagraph (2) (judgment may be reopened for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"), or exceptional circumstances, see id. at subparagraph (6); Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911-12 (3d Cir. 1977) (only extraordinary circumstances warrant granting 60(b) relief, because legal error ordinarily can be corrected on appeal), his Rule 60(b) motion was untimely, because it was filed more than 24 years after the challenged judgment was entered.  Under Rule 60(c)(1)(A), a "motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Twenty-four years is not a reasonable time for Rule 60(b) purposes.  See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir.1987) (two years not "reasonable time" for 60(b) purposes).

For the foregoing reasons, we will summarily affirm the order of the District Court denying Reardon's Rule 60(b) motion.

---

[2] We may affirm a result reached by the District Court for any reason as long as the record supports the judgment. See Guthrie v. Lady Jane Collieries, Inc., 722 F.2d 1141, 1145 n.1 (3d Cir. 1983).