**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3454
_____

JOHN E. REARDON,
                                        Appellant

v.

VIRGINIA E. REARDON; VINCENT D. SEGAL;
SEGAL & TROPP; ROBERT W. PAGE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 84-cv-03696)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 2, 2012

Before: RENDELL, HARDIMAN and VAN ANTWERPEN <u>Circuit</u> <u>Judges</u>

(Opinion filed : February 29, 2012)

_____

OPINION
_____

PER CURIAM

        John Reardon appeals pro se from the United States District Court for the District

of New Jersey's August 8, 2011 order.  Appellee Honorable Robert W. Page has filed a

motion seeking summary affirmance.  We will grant the motion and will also summarily affirm the District Court's July 19, 2011 order.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

## I.

As we stated in one of our many previous decisions involving Reardon, in 1984 he filed a civil rights action for damages against his ex-wife, her lawyer, and the New Jersey state court judge who was presiding over his divorce proceedings.  The case was transferred to the United States District Court for the District of New Jersey.  In 1995, District Judge Stanley Brotman dismissed the complaint against the state court judge, the late Robert W. Page, based on judicial immunity.  The District Court entered judgment in 1986.

Twenty-four years later, in August 2010, Reardon filed a motion under Federal Rule of Civil Procedure 60(b)(4) to reopen the judgment so that he could address the issue of judicial bias and the exercise of Judge Brotman's jurisdiction.  The District Court denied the motion as untimely filed and noted that Reardon had consented to the federal court's jurisdiction and was properly served with the pleadings, and thus that Rule 60(c)(1) applied to him even though he alleged that the judgment was void.  We summarily affirmed the District Court's judgment, stating that the "federal court judgment plainly was not void" and that "[t]wenty-four years is not a reasonable time for Rule 60(b) purposes."  Reardon v. Reardon, 421 F. App'x 141, 143 (3d Cir. Apr. 6, 2011).

2

In June 2011, Reardon filed another Rule 60(b)(4) motion to set aside the 1986 judgment, which the District Court denied in an order entered on July 19, 2011 because the motion raised arguments already rejected by this Court. On July 28, 2011, Reardon filed a motion to amend the July 19th judgment, asserting that the District Court did not understand the claims that he attempted to raise in his June 2011 motion.

The District Court characterized Reardon's July 28th motion as another Rule 60 motion. On August 8, 2011, it denied the motion because it "renewed arguments that have already been rejected by the Third Circuit and by [the District Court] in its July 18, 2011 order; and . . . even to the limited extent Plaintiff's motion presents new arguments, his motion remains untimely, as it was brought twenty-four years after judgment was entered."

Reardon now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm a district court's judgment if the appeal does not raise a substantial question. See 3rd Cir. LAR 27.4; I.O.P. 10.6.

There is a threshold issue regarding the scope of this appeal, as we must first determine whether Reardon's July 28th motion to amend the judgment was brought under Rule 59(e) or Rule 60. If the District Court properly characterized it as a Rule 60 motion, then Reardon's notice of appeal does not encompass the July 18th order. However, if it was a timely Rule 59(e) motion, the District Court's denial of it "brings up the underlying

3

judgment for review." CTC Imports & Exports v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991). Although Reardon designated his motion under both Rules, he essentially attempted to relitigate the June 2011 motion, explaining that he "submit[ted] this motion for the purpose of amending the court's judgment . . . due to the fact that he knows what he wanted the papers to say and mean and that by the court's order . . . it was not what [his] motion intended to be." Accordingly, Reardon's July 28th motion should have been characterized as a Rule 59(e) motion, and we have jurisdiction to review the District Court's July 19th and August 8th decisions. See United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003) (stating that a Rule 59(e) motion is a "device to relitigate the original issue decided by the District Court, and used to allege legal error"); CTC Imports & Exports, 951 F.2d at 577.

An order denying a Rule 60(b)(4) motion is subject to plenary review. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 n.5 (3d Cir. 2008). We review the denial of Rule 59(e) motion for abuse of discretion, where, as here, the motion is not based on an "interpretation and application of a legal precept." Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). Here, the District Court properly denied both the Rule 60(b)(4) and the Rule 59 motions. As the District Court explained in its July 19th decision, when considering Reardon's appeal from the denial of his previous Rule 60 motion, we determined that the 1986 judgment was not void, that Reardon's arguments were meritless, and that waiting 24 years before filing the motion did not meet Rule 60(c)(1)'s "reasonable time" requirement. Reardon's argument that the issues he raised

4

in the June 2011 Rule 60(b)(4) motion differ from those raised in the 2010 motion appears disingenuous, as he is again attempting to claim that the 1986 judgment is void due to District Court Judge Brotman's alleged lack of jurisdiction and that he thus should not be subjected to Rule 60's time requirement.

Additionally, the District Court appropriately denied Reardon's Rule 59 motion, which was yet another attempt to undermine this Court's and the District Court's conclusions that the 1986 judgment was not void and that 24 years was an unreasonable amount of time to wait before filing a Rule 60 motion.

For these reasons, we grant the Appellee's motion for summary affirmance, as we conclude that this appeal presents "no substantial question." We will therefore summarily affirm the District Court's judgments. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.