**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3749
_____

JOHN E. REARDON,

Appellant

v.

LEASON, Mr.; PFIEFFER, Mr.; SIMON, Mr.; DOUGHERTY, Mr.; MULLER, Mr.;
DIANO, Mr.; ROMANO, Mr..; MONDELLI, Mr.; B. DAWSON, Mr.; J. FARMER, Mr.;
K. WALSHE, Mr.; M. KEATING, Mr.; W. SIMON, Mr.; A. ROSSETTI, Mr.; C.
CAPLAN, Miss; P. PORRECCA, Mr.; D. BIGLEY, Mr.; S. NATAL, Mr.; I.
STEINBERG, Mr.; J. GREENE, Mr.; JOHN DOE, /JANE, criminal and civil docket
clerks of the Camden County Superior Court; JOHN DOE, Internal Affairs Officer for
the Sheriff's Office at the Camden County Jail; OUR LADY OF LOURDES HOSPITAL,
the admissions staff, the emergency room staff, and the psychiatric crisis center staff;
CAMDEN COUNTY GUIDANCE CENTER, and the psychiatrist who attempted to
evaluate the plaintiff on 06/21/90; OAKRIDGE TERRACE APTS., owners and the "John
Doe" manager of said apartments and others
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-92-cv-02433)
District Judge:  Honorable Mary L. Cooper
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2012
Before:  CHAGARES, VANASKIE and STAPLETON, Circuit Judges

(Opinion filed: March 8, 2012)
_____

OPINION
_____

PER CURIAM

John E. Reardon appeals from the District Court's order denying his motion pursuant to Rules 60(b)(4) and (d)(3) of the Federal Rules of Civil Procedure. We will affirm.

In 1990, Reardon was convicted in New Jersey state court after police found bomb construction materials at his residence. Reardon subsequently filed in the District Court a complaint pursuant to 42 U.S.C. § 1983 against the law enforcement officers, prosecutors, and judges involved in his prosecution. In the complaint, Reardon alleged that the defendants had been involved in a conspiracy to deprive him of various constitutional and statutory rights. The District Court dismissed the action for failure to prosecute.[1]

Approximately sixteen years later, in June 2010, Reardon filed in the District Court a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure asking the court to issue an order directing the state court to void his criminal conviction because, due to the inappropriate and/or fraudulent actions of the defendants named in his earlier § 1983 action, the state court lacked jurisdiction over his case. See Fed. R. Civ. P. 60(b)(4) (providing that the court may relieve a party from a final judgment if the

---

[1] Reardon appealed the District Court's determination to this Court, but we dismissed the appeal for lack of jurisdiction because it was untimely filed. Reardon v. Leason, No. 95-5219 (June 9, 1995).

2

judgment is void). Reardon also sought permission to reinstate the § 1983 action that the District Court had dismissed for failure to prosecute.

The District Court denied the motion and this Court affirmed. Reardon v. Leason, et al., 408 F. App'x 551 (3d Cir. 2010). We explained that Rule 60(b)(4) provides relief from judgment only when the court that rendered the judgment lacked jurisdiction over the subject matter or the parties, see Marshall v. Bd. of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978), and the District Court did not enter judgment in Reardon's criminal case. We further explained that, to the extent that Reardon sought to reinstate his previously dismissed § 1983 complaint, such relief is not contemplated under Rule 60(b)(4). Reardon, 408 F. App'x at 553.

In May 2011, Reardon filed a new motion pursuant to Rule 60(b). The District Court denied the motion on the grounds that: (1) to the extent that Reardon sought relief under Rules 60(b)(1) and (3) from orders entered more than fifteen years earlier, the motion was untimely, see Fed. R. Civ. P. 60(c)(1) (stating that motions made under Rules 60(b)(1) and (3) must be made "no more than a year after the entry of the judgment or order"); (2) to the extent that Reardon sought relief under Rule 60(b)(6) from the same orders, the motion was not filed "within a reasonable time," see Fed. R. Civ. P. 60(c) (stating that motions made under Rule 60(b) must be made "within a reasonable time"); and (3) to the extent that Reardon's motion could be construed as seeking reconsideration of the District Court's July 1, 2010 order, Reardon had failed to demonstrate an intervening change in the law, the availability of new evidence, or the need to correct a

3

clear error of law or fact or to prevent manifest injustice, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Reardon then filed a third motion under Rule 60. This time, Reardon argued that the District Court had erred in finding that his May 2011 motion pursuant to Rule 60(b)(4) had not been filed within a reasonable time; that Judge Cooper was biased against him and subject to recusal; and that Judge Cooper was involved in a conspiracy with the defendants named in his § 1983 action. Reardon relied on Rules 60(b)(4) (providing that the court may relieve a party from a final judgment if the judgment is void) and (d)(3) (providing that nothing in Rule 60 limits a court's power to set aside a judgment for fraud on the court) as grounds for relief.

The District Court denied Reardon's motion. Insofar as Reardon sought relief under Rule 60(b)(4) on the ground that his state-court judgment was void, the court relied on the reasons stated in its previous orders, as well as those stated by this Court in C.A. No. 10-3280, to deny relief. With respect to Reardon's reliance on Rule 60(d)(3), the court explained that he cannot use that rule to allege fraud upon the state court in the underlying criminal proceeding. Finally, the District Court noted that, to the extent that Reardon intended to allege fraud upon the federal court, he had not demonstrated any egregious, intentionally fraudulent, misconduct. See Herring v. United States, 424 F.3d 384, 390 (3d Cir. 2005) ("[W]e will employ a demanding standard for independent actions alleging fraud upon the court requiring: (1) an intentional fraud; (2) by an officer

4

of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court.")  Reardon now seeks review of the District Court's order.[2]

For the reasons stated by the District Court, we agree that Reardon has not demonstrated that he is entitled to relief under either Rule 60(b)(4) or (d)(3). Accordingly, we will affirm.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  An order denying a Rule 60(b)(4) motion is subject to plenary review.  Budget Blinds, Inc. v. White, 536 F.3d 244, 251 n.5 (3d Cir. 2008).  We review orders denying motions under the other subsections of Rule 60(b) for an abuse of discretion.  Id. at 251.