**Supreme Court**
No. 2019-237-Appeal.
(WC 09-871)

Seaport Studios, Inc.              :

v.                                 :

Russell W. Waldo et al.            :

v.                                 :

Randall S. Saunders et al.         :

# O R D E R

The plaintiff, Seaport Studios, Inc. (Seaport), and third-party defendants, Randall S. Saunders and Jean C. Saunders,[1] appeal from an order denying their motion to vacate a judgment under Rule 60(b) of the Superior Court Rules of Civil Procedure. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we are of the opinion that cause has not been shown and that this case may be decided without further briefing or argument.

As the underlying facts in this case are set out in the related case *JHRW, LLC*

---

[1] Jean and Randall Saunders are both officers of Seaport. *JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 172 n.5 (R.I. 2019).

*v. Seaport Studios, Inc.*, 212 A.3d 168 (R.I. 2019), we reiterate only the facts pertinent to the present appeal. Seaport and the defendants, JHRW, LLC; Russell W. Waldo; James D. Hennessey; and 118 Bay Street Corporation (collectively JHRW),[2] have been engaged in a long-simmering dispute over parking spaces in the Watch Hill section of Westerly. In 2009, Seaport filed a complaint in Superior Court alleging that JHRW "(1) fail[ed] to comply with Westerly zoning ordinances in refusing to transfer nine parking spaces on its property to Seaport; (2) den[ied] Seaport peaceful enjoyment of the leased premises; and (3) refus[ed] to furnish a condominium deed[.]" *Id.* at 171-72 (brackets omitted). In response, JHRW filed an answer and counterclaim, as well as a third-party complaint against Seaport officers Jean Saunders and Randall Saunders. *Id.* at 172. JHRW alleged that the Saunders refused to park their vehicles within the parking space designated in the lease agreement and refused to pay the annual parking fee for several years. *Id.* The matter was scheduled for trial on May 23, 2016, at which time counsel for both parties signed a stipulation purporting to dismiss all outstanding claims and stating that the "case is closed." *Id.*

On May 27, 2016, final judgment entered, specifying that all of Seaport's claims were dismissed with prejudice. On May 22, 2017, Randall Saunders filed a

---

[2] Consistent with our earlier opinion, we will refer to the defendants collectively as "JHRW."

*pro se* motion to vacate the May 27, 2016 judgment pursuant to Rule 60 of the Superior Court Rules of Civil Procedure. Mr. Saunders requested that the final judgment be corrected retroactively to reflect that Seaport's claims were dismissed without prejudice, arguing that the dismissal "with prejudice" was "a mistake" and that the hearing justice "never stated [on the record] that this matter was to enter with prejudice." In an order entered on June 26, 2017, the hearing justice denied Mr. Saunders' motion to vacate without prejudice.

Seventeen months later, on November 27, 2018, Seaport, through counsel, filed a renewed motion to vacate the May 27, 2016 judgment. Seaport argued that its 2016 legal counsel "acted beyond the scope of his authority" and "failed to act in accordance with his client's instructions" when he entered into a settlement stipulation dismissing Seaport's claims with prejudice. Thus, Seaport contended that the judgment should be vacated pursuant to Rule 60(b)(6) or, in the alternative, Rule 60(b)(5). Further, Seaport argued that its motion to vacate was timely because the motion was brought approximately one year after Seaport retained counsel and because Mr. Saunders' initial motion to vacate "was filed less than a year after [Seaport] discovered an issue with the dismissal stipulation."

A hearing on Seaport's motion to vacate was held on February 4, 2019. The hearing justice noted that the motion to vacate was filed two-and-a-half years after the judgment had entered. Further, the hearing justice reasoned that Seaport's

- 3 -

argument that Seaport was unaware that the dismissal was with prejudice made "absolutely no sense when in a separate case less than a month [after the judgment was entered] there was a hearing about whether the * * * judgement [*sic*] in this case precluded any further action." Thus, the hearing justice found that Seaport's motion to vacate "was not filed in a timely fashion."

An order denying Seaport's motion to vacate was entered on February 7, 2019, and Seaport timely appealed. On appeal, Seaport asserts that the hearing justice erred in finding that its motion to vacate was not timely.

"A Rule 60(b) motion to vacate is addressed to the trial justice's sound judicial discretion and will not be disturbed on appeal, absent a showing of abuse of discretion." *Allen v. South County Hospital*, 945 A.2d 289, 293 (R.I. 2008) (quoting *Keystone Elevator Co. v. Johnson & Wales University*, 850 A.2d 912, 916 (R.I. 2004)). Rule 60(b) provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one (1) year after the judgment, order, or proceeding was entered or taken." Accordingly, motions made pursuant to Rule 60(b)(5) and (6) must be made within a reasonable time. Super. R. Civ. P. 60(b). This Court has explained that what is reasonable "depends upon the circumstances of the particular case." *In re Quigley*, 21 A.3d 393, 401-02 (R.I. 2011) (quoting *Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 66 (1st Cir. 2003)). The circumstances relevant to determining if a motion for relief from a judgment was

made within a reasonable time include "the length of the delay, the justification for it, and the prejudice (if any) associated with the granting of relief." *Id.* at 402 (quoting *Farm Credit Bank of Baltimore*, 316 F.3d at 66).

In the instant case, Seaport filed its motion to vacate pursuant to Rule 60(b)(6), or, in the alternative, Rule 60(b)(5) approximately two-and-a-half years after final judgment entered. Seaport argues that this delay was "minimal" because "the motion was brought within a year after the retention of counsel." Alternatively, Seaport urges this Court to consider that Mr. Saunders' initial *pro se* motion to vacate "was filed less than a year after [Seaport] discovered an issue with the dismissal stipulation."

As an initial matter, it is well-established that "a corporation may not appear pro se." *Mobile Homeowners Rights, Inc. v. Mobile Village, Inc.*, 736 A.2d 98, 99 (R.I. 1999) (mem.). Therefore, Mr. Saunders' May 22, 2017 *pro se* motion to vacate was invalid because it purported to seek relief on behalf of "Plaintiff Seaport Studios, Inc." *See id.*

Accordingly, we turn our focus to whether Seaport's motion filed on November 27, 2018, was timely. At the hearing on February 4, 2019, the hearing justice, who had also presided over the May 23, 2016 hearing on the original motion, made the following observations. He recalled that Seaport's previous counsel had sought to withdraw, but Mr. Saunders indicated on the record that he wished the

attorney to remain as counsel. The hearing justice had "a distinctive memory" that both Mr. and Mrs. Saunders were in the courtroom and that the stipulation was read in open court.

The hearing justice also noted that, shortly thereafter, JHRW filed a separate action seeking to enjoin Seaport from enforcing a 2015 zoning letter that had been filed in the land evidence records within hours of the entry of the dismissal stipulation. A hearing in that case was held on June 22, 2016, over which the same hearing justice also presided. He stated that another attorney was present in court on behalf of Seaport, although the attorney had not yet entered his appearance. The hearing justice further recalled that, at the June 22 hearing, he "flagged" and put Seaport on notice that a significant issue in the action for injunctive relief was the preclusive effect of the judgment in the original action. He concluded that "[t]here's no way that [Seaport] didn't know the terms of the judgment[.]" In light of the circumstances, the hearing justice held that Seaport's Rule 60 motion to vacate was not filed in a reasonable and timely fashion, and he denied the motion.

Based upon our review of the record, we are amply satisfied that the hearing justice was acting well within his discretionary authority when he denied Seaport's Rule 60 motion on the ground that it was not filed within a reasonable time. We agree with him that Seaport's excuses for not filing its motion for two-and-a-half years after entry of judgment ring hollow given the tortuous history of this dispute.

For the reasons set forth in this order, we affirm the order of the Superior Court. The record may be returned to that tribunal.

Entered as an Order of this Court on this   17th   day of March, 2021.

By Order,

_____/s/_____
Clerk

Justice Goldberg did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Seaport Studios, Inc. v. Russell W. Waldo et al. v. Randall S. Saunders et al. | |
| **Case Number** | No. 2019-237-Appeal. (WC 09-871) | |
| **Date Order Filed** | March 17, 2021 | |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Luis M. Matos | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Matthew L. Fabisch, Esq. | |
| | For Defendants:<br><br>Kelly M. Fracassa, Esq. | |