**UNITED STATES of America,
Plaintiff, Appellee,**

v.

**BOCH OLDSMOBILE, INC., Boch Toyota, Inc., and Ernest J. Boch, Defendants, Appellants.**

**No. 89–2156.**

United States Court of Appeals, First Circuit.

Heard April 4, 1990.

Decided July 30, 1990.

Mark E. Jacobson, with whom Jacobson Stromme & Harwood, P.A., Minneapolis, Minn., was on brief, for defendants, appellants.

Sharon I. Kurn, Atty., Office of Consumer Litigation, with whom Stuart M. Gerson, Asst. Atty. Gen., Wayne A. Budd, U.S. Atty. and Margaret A. Cotter, Asst. Director, Office of Consumer Litigation, were on brief, for plaintiff, appellee.

Before TORRUELLA, SELYA and CYR, Circuit Judges.

TORRUELLA, Circuit Judge.

This case arises out of the enforcement of the credit advertising provision of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. Part 226. The action was filed by the Federal Trade Commission ("FTC") against appellants Boch Oldsmobile, Inc., and Boch Toyota, Inc. (collectively referred to as

"Boch") under § 5(m)(1)(B) of the Federal Trade Commission Act ("FTCA"). 15 U.S.C. § 45(m)(1)(B).[1] Thereafter a consent decree was entered into, which appellants then sought to amend. This is an appeal from the denial by the district court of said request. We affirm this decision.

## FACTS

Boch sells and services new and used motor vehicles and advertises accordingly. In 1983, FTC informed Boch of certain published advertisement violations of the TILA and Regulation Z credit advertising provisions.[2] In the notices sent to Boch the FTC pointed to Boch's failure to include certain credit terms in their credit sale advertisements. For example, terms for down payments and monthly payments were published without specifying the finance charge rate and the "annual percentage rate" or "A.P.R." When similar violations appeared in 1984 the FTC again sent Boch notices advising of these and prior advertisement violations. It also included a "synopsis package" that contained, among other items, four published decisions of the FTC involving proceedings brought under § 5(m)(1)(B) of the Federal Trade Commission Act. 15 U.S.C. § 45(m)(1)(B). When Boch failed to bring its advertising into compliance with the FTC's contentions, a civil suit was filed seeking both civil penalties and injunctive relief under section 5 of the FTCA. 15 U.S.C. § 45.

The FTC based its action on the theory that receipt of the synopsis package gave Boch actual knowledge that the conduct which the FTC complained of had previously been determined to be unfair or deceptive acts or practices under the FTCA. Following a lengthy period of negotiations, Boch agreed to pay civil penalties in the amount of $35,000, to submit to certain injunctive relief, and to execute consent decrees. Accordingly, and without submitting any issues to trial, the district court entered final judgments pursuant to the consent decrees on April 29, 1986. The penalties were paid by Boch as agreed.

On July 14, 1989, three years after the judgment was entered, Boch served and filed a motion to amend the consent decrees. The motion was based on the Court of Appeals for the Eighth Circuit decision in *United States v. Hopkins Dodge Sales, Inc.*, 849 F.2d 311 (8th Cir.1988), in which it was concluded that the synopsis package sent by the FTC did not constitute the necessary determination or showing of unfair or deceptive acts or practices required by the statute. 15 U.S.C. § 45(m)(1)(B).

On September 7, 1989, the district court, without a hearing, denied defendants' motion to amend the consent decrees. The district court held that there was nothing misleading or unfair which would warrant amendment of a consent decree entered into over three years before, and which had been carefully, fairly and openly negotiated by competent parties and counsel prior to its approval.

Despite the multiple pleadings presented by appellants, the issues actually presented by this appeal are narrow. In order to determine whether the district court properly denied appellants' motion, this court

---

1. Section 5(m)(1)(B) of the FTCA 15 U.S.C. § 45(m)(1)(B) reads:

   If the Commission determines in a proceeding under subsection (b) that any act or practice is unfair or deceptive, and issues a final cease and desist order with respect to such act or practice, then the Commission may commence a civil action to obtain a civil penalty in a district court of the United States against any person, partnership, or corporation which engages in such act or practice—
   (1) after such cease and desist order becomes final (whether or not such person, partnership, or corporation was subject to such cease and desist order), and

   (2) with actual knowledge that such act or practice is unfair or deceptive and is unlawful under subsection (a)(1) of this section.
   In such action, such person, partnership, or corporation shall be liable for a civil penalty of not more that $10,000 for each violation.

2. The notices sent to Boch by the FTC were part of a program to monitor car credit advertisements. The principal focus of this effort was to achieve voluntary compliance. Advertisers received continuous updating of the requirements and any possible violations. Complaints were only filed against parties who continuously failed to bring their credit advertising practices into compliance with the law.

will examine whether Boch's motion for relief from the final judgment request was timely, and then whether the judgment entered was void.

## STANDARD OF REVIEW

■ The decision to grant or deny a motion for relief from a final judgment is committed to the sound discretion of the trial court. *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 923 (1st Cir.1988). Accordingly, the district court's decision should be reversed only upon a showing that the trial judge's ruling manifested an abuse of discretion. *Conway v. Electro Switch Corporation,* 825 F.2d 593, 597 (1st Cir.1987). This court will find an abuse of discretion only when there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of all the relevant factors. *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980); *Anderson v. Cryovac, Inc.,* 862 F.2d at 923.

Boch asserts that we should review *de novo* that portion of its argument relating to the voidness of the judgment entered pursuant to Rule 60(b)(4). Fed.R.Civ.P. 60(b)(4). It has been stated that even if a motion is properly made under Rule 60(b)(4), (5) or (6), and is filed within reasonable time, its denial is reviewed only for abuse of discretion. *E.g., Browder v. Director,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Limerick v. Greenwald,* 749 F.2d 97 (1st Cir.1984). Appellant argues that voidness, however, as ground for relief, is not a discretionary matter; it is mandatory. *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 (10th Cir. 1979) (quoting *Austin v. Smith,* 312 F.2d 337, 343 (D.C.Cir.1962)).

## DISCUSSION

### I. *Finality of Judgments*

One of the basic tenets of our system of jurisprudence is that of finality of judgments. The principle of finality is essential to ensure consistency and certainty in the law. This salutary principle is founded upon the generally recognized public policy that there must be some end to litigation. *Angel v. Bullington,* 330 U.S. 183, 192–93, 67 S.Ct. 657, 662–63, 91 L.Ed. 832 (1947); *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1947). It is well settled that courts will not disturb final judgments unless the moving party demonstrates the existence of extraordinary circumstances. *United States v. Swift,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932). *See also Ackermann v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Lepore v. Vidockler,* 792 F.2d 272, 274 (1st Cir. 1986). Moreover, we are particularly reluctant to reopen decrees entered by consent because in making such agreements the parties have voluntarily and consciously decided not to contest the legal and factual elements of the case. *Ackermann v. United States,* 340 U.S. at 198, 71 S.Ct. at 211.

The record reveals, as is evidenced by the memoranda sent by Boch's attorney to the Department of Justice and the FTC, that Boch was thoroughly advised by its counsel of the potential challenge to the government's legal theory. Boch, however, chose not to contest the government's theory. Furthermore, the position taken by FTC upon which the consent decrees were reached and the judgment entered was a longstanding view, and at that time, there had been no contrary judicial ruling on the matter. With these principles and facts in mind, we will review the instant case.

### II. *Timeliness*

■ A party seeking relief from final judgment must do so pursuant to Rule 60(b) of the Rules of Civil Procedure. Under Rule 60(b)(1), (2) or (3) a movant must file the motion within one year of the entry of final judgment. Otherwise, no specific time period for filing is given, except that under Rule 60(b)(4), (5) or (6) the motion must be made within a "reasonable time." This court has held that thirty days after judgment is a reasonable time. *Limerick v. Greenwald,* 749 F.2d at 99. What con-

stitutes reasonable time, however, depends on the facts of each case. *United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir.1987); *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir.1985). The relevant considerations include, whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner. *See In re Pacific Far East Lines Inc.*, 889 F.2d 242 (9th Cir.1989).

■ On appeal Boch contends that relief from judgment was appropriate pursuant to Rule 60(b)(4), because the judgment is void.[3] *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir.1979). Appellant argues that a motion to vacate a void judgment can be made at any reasonable time, thus their motion was timely filed. *In re Lovitt*, 757 F.2d 1035 (9th Cir.1985). We cannot agree.

Boch's motion was filed more than three years after entry of the decree, and more than a year after the Eighth Circuit's ruling in *Hopkins Dodge*. Even if we were to agree that *Hopkins Dodge* provided a basis for relief from judgment, Boch gives no reason for delaying its request for relief for such a length of time after that decision. By contrast, the government has provided this court with ample reason why Boch's delay was unreasonable. It suggests that reversal of this case would prejudice the government by opening the floodgates to other similar cases, and most importantly, that alteration of the consent decrees at this juncture is inconsistent with the principle of finality of judgments. Furthermore, appellants have failed to demonstrate the existence of "extraordinary circumstances," and that without the relief requested, "extreme" and "unexpected" hardship would result. *United States v. Swift*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932). *Accord Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir. 1986). All of the above inexorably leads us to the conclusion that the motion was not timely.

But we cannot end our analysis here. Even if appellants' motion was not made within the prescribed period, if the judgment was void, relief must be granted nevertheless. Rule 60(b)(4).

III. *Voidness*

■ A void judgment is from its inception a legal nullity. With this principle in mind, we must consider appellants' argument that the judgment entered was void, and that relief is proper regardless of the time elapsed, because relief from a void judgment has no time limitations. *United States v. Berenguer*, 821 F.2d at 22; *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649 (1st Cir. 1972).

■ "In the interests of finality, the concept of void judgments is narrowly construed." *United States v. Berenguer*, 821 F.2d at 22; *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645. A judgment is not void merely because it is or may be erroneous, *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d at 224; *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d at 649, or because the precedent upon which it was based is later altered or even overruled. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 374–78, 60 S.Ct. 317, 318–20, 84 L.Ed. 329 (1940); *Marshall v. Bd. of Education, Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978); *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645. A judgment is void, and therefore subject to relief under Rule 60(b)(4), *only* if the court that rendered judgment lacked jurisdiction *or* in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d at 224. It is essential to state, that total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and that only "rare instance[s] of a

---

**3.** Boch claimed below that relief was appropriate generally under Rule 60(b). On appeal it conceded that any motions under Rule 60(b) clauses (1), (2) and (3) were time barred. We agree.

**662**

clear usurpation of power" will render a judgment void. *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d at 649.

■ In the instant case there is no claim of lack of personal jurisdiction, and it is clear that the court had subject matter jurisdiction over the action under 15 U.S.C. § 45(m)(1)(B). Nor is there a claim of a due process violation. Actually, Boch's argument is not directed at either personal, subject matter jurisdiction or due process. Instead, Boch claims that the judgment is void because the district court, pursuant to the *Hopkins Dodge* decision, could not entertain an action under § 5(m)(1)(B), 15 U.S.C. § 45(m)(1)(B). Appellants argue that they agreed to the consent decrees based on misleading or erroneous information, but that the district court was powerless to enter judgment pursuant to these decrees, *see United States v. Hopkins Dodge Sales, Inc.*, 849 F.2d 311, thus rendering the judgment void.

■ We disagree. Consent decrees that run afoul of the applicable statutes lead to an erroneous judgment, not to a void one. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d at 226. By entering the judgment pursuant to the parties' agreement, the district court acted in accordance with conventional common law principles. Thus, we find that this action falls squarely within its powers and discretion, and therefore, is not regarded as one that renders the judgment void.

### CONCLUSION

Finally, after careful review of the record it is clear that Boch made a conscious and informed choice to settle rather than require the government to establish at trial each factual and legal element of the case. As such, because Rule 60(b) cannot be used to relieve a "litigant from improvident strategic choices," *Chang v. Smith*, 778 F.2d 83, 86 (1st Cir.1985), because the action was too late, and because we find no extraordinary circumstances or other reasons for relief from the judgment entered, we affirm the district court's denial to amend the consent decrees.

*Affirmed.* Costs to appellee.