March 18, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2161

VALERIE A. BRAYALL AND
RICHARD M. BRAYALL,
Plaintiffs, Appellants,

v.

DART INDUSTRIES, ET AL.,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Selya, Cyr and Boudin,
Circuit Judges.

Richard M. Brayall and Valerie A. Brayall on brief pro se.

Christopher R. O'Hara, Nutter, McClennen & Fish, and Ray C.

Stoner, Eckert, Seamans, Cherin & Mellott, on brief for

appellees.

Per Curiam. This is an appeal from a district

court order refusing to reopen a judgment entered pursuant to

a settlement agreement. Appellants, Valerie and Richard

Brayall, filed their motion to reopen almost two years after

the settlement order of dismissal.

I.

The Brayalls, former Tupperware distributors, filed

an action in May 1987 in Massachusetts superior court against

appellees, Dart Industries and various individuals ("Dart").

The complaint contained charges that Dart had violated RICO.

Essentially, the Brayalls were unhappy with their

distributorship, claiming that they were misled as to how

much money they would earn. As a result of the RICO claims,

Dart removed the action to the Massachusetts federal district

court. The district court then remanded the state claims to

state court.

On August 30, 1989, the attorney for the Brayalls

sent a letter to the district court informing it that the

RICO claim had been settled. The letter stated that the

parties had reached an agreement "in principle" which

included the dismissal of the RICO claim "with prejudice."

The letter went on to provide that the parties "shall soon be

filing the required paperwork." Accordingly, the district

court issued, on August 31, 1989, a settlement order of

dismissal. The order provided for the dismissal "without

-2-

prejudice to the right of any party upon good cause shown

within 60 days, to reopen the action if settlement is not

consummated." Nothing happened until May 20, 1991, when the

Brayalls, now appearing pro se, filed their motion to reopen.

As support for this motion, they argued that (1) no

"settlement papers or signed agreements" had been filed with

the court; (2) a "suggestion of bankruptcy," although

docketed on February 20, 1990, should have operated as an

automatic stay of the RICO action; (3) their attorney had

resigned before the 60-day period had ended; (4) they were

forced into bankruptcy due to the cost of the litigation; (5)

evidence was withheld concerning the RICO claim; and (6)

there existed "overwhelming evidence" of mail and wire fraud.

Dart opposed this motion and moved to enforce the

settlement. Attached to Dart's motion was a letter dated

August 28, 1989, sent by the Brayalls' attorney to counsel

for Dart. This letter set forth the specific terms of the

agreement; it not only affirmed that the RICO action was to

be dismissed but also detailed the financial terms of the

settlement of a collection action (also pending in the

district court) initiated by Dart against the Brayalls.

In further support of its opposition to the motion

to reopen, Dart submitted an affidavit of the Brayalls'

attorney filed in state court in which he stated:

-3-

Agreements were reached to settle the two
Federal Court litigations in August of 1989. The
terms were set out in letter form and the Federal
Court was notified. However, the Brayalls withdrew
their approval of the settlements before the
confirmatory paperwork was prepared and executed.
The Brayalls also discharged me, after I indicated
that I was not willing to renege on the agreements.

Also attached to Dart's opposition was a letter sent by the

Brayalls to a superior court judge. In it, they indicated

that they had agreed to the settlement so that they could

proceed to trial in the state case.

The Brayalls filed an answer to the motion to

enforce the settlement in which they argued, in addition to

the claims in their motion to reopen, that their attorney had

failed to notify the district court that the terms of the

settlement had not been fully agreed upon, that the

settlement agreement was unfair, that they had settled only

because they were facing bankruptcy, that Dart had refused to

engage in discovery and that the Brayalls had not waived

their right to reopen the case.

II.

"The decision to grant or deny a motion for relief

from a final judgment is committed to the sound discretion of

the trial court." United States v. Boch Oldsmobile, Inc.,

909 F.2d 657, 660 (1st Cir. 1990). Thus, we will reverse the

district court's decision only upon a demonstration of abuse

of discretion. Id. Where litigants have voluntarily

determined not to pursue their claims, the party seeking

-4-

relief bears an especially heavy burden to show the presence

of "extraordinary circumstances." Id. The considerations

relevant to our inquiry on appeal are whether the Brayalls

can show a good reason for not taking action sooner and

whether Dart has been prejudiced by the delay. See id. at

661.

The reasons stated by the Brayalls do not

adequately explain the length of time between the order of

dismissal and the filing of the motion to reopen. It appears

that within the 60-day period they had in fact decided that

they did not wish to settle. In his affidavit, their

attorney states that they withdrew their approval of the

settlement terms and, as a result, discharged him. Further,

according to the Brayalls themselves, their attorney's

"resignation" occurred before the expiration of the 60 days.

Thus, it appears that the Brayalls were in a position to file

a motion to reopen within the time limit set by the district

court or at least very shortly thereafter. Yet two years

elapsed before they did so.

Even if we disregarded the remarkable length of the

delay, it is impossible to discern from the Brayalls' filings

any substantial basis to justify undoing a final judgment.

References to exhaustion, duress and coercion abound, but

there is no coherent account of facts to support such claims.

It may well be that the expense and burden of litigation

-5-

impelled the Brayalls to countenance a settlement, but that

is part of many settlement equations and no basis for setting

one aside. Nor is the strength of their claims a basis for

reopening or else no such dismissal would ever be final.

The Brayalls argue that there was no meeting of the

minds as to their settlement and that no signed papers were

ever filed. This argument misses the essential point: the

Brayalls are attacking a judgment dismissing their case.

Having discharged their attorney and taken the litigation

into their own hands, it was their responsibility to file in

the district court promptly if the settlement collapsed and

they wished to reopen. They did not do so and, absent an

extraordinary excuse for the lengthy lapse, may not do so

now.

For the foregoing reasons, the judgment of the

district court is affirmed.

-6-