996 F.2d 1209
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Plaintiff, Appellee,
v.
FOUR HUNDRED AND FIFTY THREE THOUSAND FIVE HUNDRED DOLLARS,
etc., Defendant, Appellee,
Eduardo Otero RIBAS, Claimant, Appellant.
 No. 92-1232.
 United States Court of Appeals,
First Circuit.
 July 1, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Antonio Cordova-Gonzalez on brief for appellant.
 Daniel F. Lopez-Romo, United States Attorney, and Miguel A. Fernandez, Assistant United States Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before Selya, Boudin and Stahl, Circuit Judges
 Per Curiam.
 
 
 1
 We affirm the denial of the appellant's motion for reconsideration. His request for relief from judgment under Rule 60(b)(4) was, in our view, an effort to obtain a ruling on the merits of an "innocent owner" defense to the government's forfeiture action, notwithstanding the initial procedural default through which the appellant rightly lost the opportunity to present that defense. See United States v. $453,500, No. 90-2039 (1st Cir., March 20, 1991).
 
 
 2
 A claimant in a forfeiture action who proves innocent ownership establishes a defense to forfeiture, but he does not deprive the district court of jurisdiction over the action. If the district court makes a mistake in its determination of innocent ownership, and causes the claimant to forfeit property as to which he has made a sufficient defense, the resulting judgment is erroneous, but not void. See United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990). Rule 60(b)(4), therefore, is not a vehicle for raising a substantive "innocent owner" defense after the entry of a judgment of forfeiture. See Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 403 (7th Cir. 1986) (defendants against whom court entered default judgment in contract action could not use Rule 60(b)(4) to raise a substantive defense to the contract).
 
 
 3
 Affirmed.