**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1349

ALISON E. CLAPP O'CALLAGHAN, ET AL.,

Plaintiffs, Appellants,

v.

HOMAYOUN SHIRAZI, M.D., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before
Torruella, Selya, Howard,
Circuit Judges.

Daniel J. O'Callaghan and Alison E. Clapp O'Callaghan on brief pro se.
Harvey Weiner, John J. O'Connor and Peabody & Arnold LLP, Dennis R. Anti, Susan Sachs and Morrison, Mahoney & Miller, Katherine A. Robertson and Bulkley , Richardson and Gelinas, LLP, William C. Newman and Lesser, Newman, Souweine & Nasser, John P. Pucci, C. Jeffrey Kinder and Fierst & Pucci, and Thomas A. Barnico, Office of the Attorney General, Mary Lynn Carroll, pro se and Susan Schroder, pro se, on brief for appellees.

November 8, 2006

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm the district court's denial of the Fed. R. Civ. P. 60(b) motion.

To the extent that the appellants, Alison E. Clapp O'Callaghan and Daniel J. O'Callaghan ("the O'Callaghans"), sought relief under Rule 60(b)(5) and/or (6), we review the denial of the motion for an abuse of discretion.  See United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990).  "It is well settled that courts will not disturb final judgments unless the moving party demonstrates the existence of extraordinary circumstances."  Id. at 660 (citing United States v. Swift, 286 U.S. 106, 119 (1932)).  Ordinarily, a change in decisional law is not considered an "extraordinary circumstance" justifying relief from judgment.  See United States ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337-38 (5th Cir. 2005) (Supreme Court decision clarifying law and resolving circuit split was not an "extraordinary circumstance" justifying relief under Rule 60(b)); Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524-25 (6th Cir. 2001) (notwithstanding change in decisional law, equity favored denial of Rule 60(b)(6) motion, given the amount of time that had passed since final judgment; reliance of parties upon that judgment; and public policy favoring finality of judgments).  Moreover, a motion filed pursuant to Fed. R. Civ. P. 60(b)(5) or (6) must be filed within a reasonable time.  See Fed. R. Civ. P. 60(b).  In determining whether a Rule 60(b)

motion has been filed within a reasonable time, the court should consider "whether the parties have been prejudiced by the delay." Id.

We see no extraordinary circumstances here that would have justified the district court in allowing the motion. The Supreme Court's recent decision in Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280 (2005), is not an extraordinary circumstance, as that decision only clarified existing law. Moreover, substantial prejudice would result if this judgment were reopened, and, as the appellees correctly note, the prejudicial effects would be difficult to quantify. This dispute originated as a guardianship petition, and the subject of that petition – Hortense Clapp Pollard – has been dead for over four years. Pollard's will has been probated and her assets have been distributed. The O'Callaghans' request to reopen these proceedings not only could prejudice severely those who long ago inherited from Pollard, but it seemingly would require the federal courts to (once again) second-guess the final judgments of the state court that probated Pollard's will.

Because we find no extraordinary circumstances present, and because it appears that allowing the motion under either Rule 60(b)(5) or (6) would have resulted in significant prejudice, the lower court did not abuse its discretion in denying the motion.

To the extent that the O'Callaghans sought relief on the basis that the original judgment was void, see Fed. R. Civ. P. 60(b)(4), the court reviews a denial of the motion de novo. See Esso Standard Oil Co. (P.R.) v. Rodriguez-Perez, 455 F.3d 1, 4-5 (1st Cir. 2006). We find no error in the court's denial of the Rule 60(b)(4) motion, because the original judgment in this case is not void. "There are only two sets of circumstances in which a judgment is void (as opposed to voidable). The first is when the rendering court lacked either subject matter jurisdiction or jurisdiction over the defendant's person. [] The second is when the rendering court's actions so far exceeded a proper exercise of judicial power that a violation of the Due Process Clause results." Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 67 (1st Cir. 2003) (citing Boch Oldsmobile, 909 F.2d at 661).

The O'Callaghans do not claim that the district court lacked subject matter jurisdiction over this dispute; indeed, they say the opposite, that is, that because Rooker-Feldman does not apply, the district court *did* have subject matter jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (federal courts lack subject matter jurisdiction over challenges to state court decisions). Accordingly, the Rule 60(b)(4) motion should have been granted only if the district court's original decision "so far exceeded a proper exercise of judicial power that a violation of the Due Process Clause

-4-

result[ed]." <u>Farm Credit Bank</u>, 316 F.3d at 67. We see no such exercise of judicial power, and the O'Callaghans do not explain how the court's original judgment could be so characterized. Indeed, we would be hesitant to say a court's decision that it *lacked* the power to act in a matter (because it lacked subject matter jurisdiction) could be said to have *exceeded* the court's power. In any event, the O'Callaghans only argue that the court's original decision was wrong (because it improperly applied the <u>Rooker-Feldman</u> doctrine), not that it was an improper exercise of judicial power. Their argument is insufficient to establish that the judgment was void. "A judgment is not void merely because it is or may be erroneous [] or because the precedent upon which it was based is later altered or even overruled." <u>Boch Oldsmobile</u>, 909 F.2d at 661 (citing <u>Chicot County Drainage Dist.</u> v. <u>Baxter State Bank</u>, 308 U.S. 371, 376 (1940)).

Upon review of the appellees' motion for sanctions pursuant to Fed. R. App. P. 38, we deny the motion.

<u>Affirmed</u>. <u>See</u> 1st Cir. R. 27(c).